IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WAYNE SOLOMON,

           Plaintiff,

      v.

CITY OF SOUTH LAKE TAHOE;
OFFICER J. HERMINGHAUS,
individually and in his official
capacity; COUNTY OF EL DORADO;
and OFFICER BRANDON PENA,
individually and in his official
capacity;

           Defendants.

2:13-cv-0115-GEB-DAD

ORDER GRANTING MOTION TO
DISMISS

Defendants City of South Lake Tahoe and Officer J. Herminghaus ("Defendants") move for dismissal under Federal Rule of Civil Procedure 12(b)(6) of Plaintiff's following state claims: seventh claim alleging negligence, eighth claim alleging negligent training and supervision, ninth claim alleging intentional infliction of emotional distress, and tenth claim alleging negligent infliction of emotion distress. Defendants argue the state claims are barred by the statute of limitations prescribed in California's Tort Claims Act since Plaintiff

failed to file suit within the period allowed.[1] (Defs. Mot. to Dismiss ("Mot.") 2:5-6, ECF No. 11.)

## I. REQUEST FOR JUDICIAL NOTICE

Defendants' dismissal motion includes a request that judicial notice be taken of two documents: "Plaintiff's Tort Claim received July 14, 2011," and "Defendant's Rejection of Plaintiff['s] July 14, 2011 Tort Claim." (Defs.' Req. for Judicial Notice ("RJN"), ECF No. 11-1.) Plaintiff opposes this request, arguing the referenced documents "were replaced by [an] amended [tort] claim[] on June 11, 2012." (Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Opp'n") 4:1-2, ECF No. 15.) Plaintiff requests in his opposition that judicial notice be taken of the June 11, 2012 amended tort claim. (Id. at 3:24-26.) Decisions on the judicial notice requests are unnecessary since the three referenced documents may be considered under the "incorporation by reference" doctrine.

Although "the general rule [is] that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint[,]" it is "permissible" to consider other documents under the "incorporation by reference doctrine." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks omitted).

> [The] incorporation by reference doctrine [has been extended] to situations in which the plaintiff's claim depends on the contents of a document, [and where] the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.

---

[1] Former Defendant South Lake Tahoe Police Department was also moving for dismissal of itself as a party. (Id. at 2:7-8.) However, this defendant was dismissed in the April 18, 2013 Status Order (ECF No. 32), thereby rendering this portion of the dismissal motion moot.

1  *Id.*

2         Here, Plaintiff's arguments evince that the documents of which

3  Defendants seek judicial notice are Plaintiff's initial administrative

4  tort claim and the municipality's rejection of that claim. Further,

5  there is no dispute about the authenticity of the three referenced

6  documents of which judicial notice is requested, and all of the

7  documents concern Plaintiff's California administrative tort claim, the

8  timely presentation of which is a "condition precedent" to including in

9  a lawsuit tort claims alleged under California law against a public

10  entity or public employee. See *K.J. v. Arcadia Unified Sch. Dist.*, 172

11  Cal. App. 4th 1229, 1238 (2009) ("Timely claim presentation is not

12  merely a procedural requirement, but rather, a condition precedent to

13  plaintiff[] maintaining an action against defendant, and thus, an

14  element of the plaintiff's cause of action."). Therefore, the three

15  referenced documents are considered under the incorporation by reference

16  doctrine.

17                           **II. FACTUAL BACKGROUND**

18         The following factual background is drawn from Plaintiff's

19  allegations in the Complaint and the three above-referenced documents,

20  which are considered under the incorporation by reference doctrine.

21         Plaintiff alleges that on January 21, 2011, he was falsely

22  arrested and physically assaulted in a Raley's grocery store in South

23  Lake Tahoe, California. (Compl. ¶¶ 16-25.) Plaintiff also alleges that

24  he was subsequently criminally prosecuted by the El Dorado County

25  District Attorney in connection with the January 21, 2011 incident, and

26  that he "was found not guilty on all counts by a jury on December 15,

27  2011." (*Id.* at ¶¶ 32-34.)

28

On July 14, 2011, Plaintiff filed a "Liability Claim Form for Damages to Person or Property" ("Tort Claim") with the City of South Lake Tahoe concerning the January 21, 2011 incident. (Defs.' RJN, Ex. 1, ECF No. 11-2.) Plaintiff states in the July 14, 2011 Tort Claim, in part, as follows:

> South Lake Tahoe Police Officer J. Herminghaus acting on inaccurate factual information from El Dorado County Correctional Officer Brandon Pena which, if true, amounted to criminal misdemeanor conduct, falsely arrested, then slammed Patrick Solomon into grocery store isles [sic] and floor causing physical damage to his body and head resulting in ten (10) medical staples in his head. Officer J. Herminghaus then caused Patrick Solomon to be imprisoned in the El Dorado County Jail.

(Id. at 2.)

Defendant City of South Lake Tahoe rejected Plaintiff's July 1, 2011 Tort Claim on August 2, 2011, and notified Plaintiff of that rejection in a "Notice of Rejection of Claim" on August 4, 2011. (Defs.' RJN, Ex. 2, ECF No. 11-3.)

On June 11, 2012, Plaintiff submitted a second Tort Claim with the City of South Lake Tahoe. (Opp'n Ex. 1, ECF No. 15-1.) Plaintiff states in the second Tort Claim, in part, as follows:

> Mr. Solomon's injury occurred on January 21, 2011. . . . This claim was originally filed against City on July 14, 2011. . . . We are re-filing this amended claim for three reasons: First, to cover any questions regarding SOL issues. Second, to allow the City to reassess this claim in light of the not-guilty verdict in the criminal trial. Third, to allow the City to reassess its liability based on inconsistent statements made under oath by both SLPD Officer J. Herminghaus and EDSO Corrections Officer Brandon Pena.

(Id. at 2.)

## III. DISCUSSION

Defendants argue: "[w]ithout addressing the merits (or lack thereof) of any of Plaintiff's ten causes of action, all of his state claims are barred by the applicable statute of limitations." (Mot. 3:3-4.) Specifically, Defendants contend:

> In this case, [the City of South Lake Tahoe] timely rejected Plaintiff's [Tort Claim] on August 4, 2011. While this rejection would normally require Plaintiff to file suit within six months of the rejection of the claim[,] Government Code § 945.6(a)(1), the [California Tort Claims Act] expressly tolls the statute of limitations for filing suit during the pendency of Plaintiff's underlying criminal case. As Plaintiff alleges, his criminal case ended on December 15, 2011, with an apparent acquittal by a jury. Thus, his six month statute of limitations to file suit would run on June 15, 2012.
>
> However, as the Court's docket reflects, Plaintiff did not commence this action until January 22, 2013, more than a full year after the end of his criminal case and more than six months after the state statute of limitations had expired. As such, his Seventh, Eighth, Ninth and Tenth causes of action arising strictly under state law must be dismissed with prejudice.

(Id. at 3:27-4:12 (internal brackets and citations omitted).)

Plaintiff rejoins:

> Defendant[s] inaccurately challenge[] the timeliness of the state law claims due to the statute of limitations. . . . Plaintiff prematurely filed a [Tort Claim], which was replaced by Plaintiff's [second Tort Claim,] which was submitted to the City of South Lake Tahoe on June 11, 2012[,] and deemed rejected on July 26, 2012, thereby making the Complaint on the state causes of action timely filed within six months.

(Opp'n 2:5-10.) In essence, Plaintiff argues that California Government Code section 945.3 tolled the deadline in which he had to file a tort claim against Defendants until "dismissal of [his] criminal action[,]" and "[n]ot realizing th[is] tolling[,] . . . Plaintiff's criminal

attorney . . . initially filed Plaintiff's [Tort Claim] on July 14,
2011." (Id. at 2:23-3:13.) Plaintiff further argues: "upon realizing
that the deadline had tolled until June 15, 2012, [Plaintiff's criminal
attorney] filed [an] amended [Tort Claim] with . . . the City of South
Lake Tahoe . . . asserting Plaintiff's claims for damages on June 11,
2012." (Id. at 3:13-19.) Plaintiff further contends:

> since the City of South Lake Tahoe . . . failed and
> refused to act on the [June 15, 2012 Tort Claim],
> [that] claim was deemed to have been denied on the
> 45th day, which was July 26, 2012. Thereafter,
> plaintiff had six (6) months to file suit, or until
> January 26, 2013. Plaintiff timely filed his
> Complaint . . . on January 22, 2013.

(Id. at 4:8-13.)

Defendants reply that "the only tolling occurring in this case
[under section 945.3] was the six months within which Plaintiff was
required to file his lawsuit during the pendency of his underlying
criminal case – there was no tolling or extension of his requirement to
file a timely [Tort Claim] within six months of the accrual of his
claims." (Defs.' Reply 2:26-3:1, ECF No. 17.) Defendants argue the July
14, 2011 Tort Claim "was actually required and was in fact timely. The
only mistake . . . was the belief by Plaintiff's current counsel that by
filing an 'amended' [Tort Claim] on June 15, 2012, the statute of
limitations could somehow be extended." (Id. at 2:11-16.) Defendants
further argue that "California courts have . . . ma[de] it clear that
any 'amended' or subsequent claim will relate back to the original claim
and will not restart any statute of limitations." (Id. at 2:17-20.)

"As a prerequisite to asserting state law causes of action
against a public entity or public employee, California's Tort Claims Act
("TCA"), Cal. Gov't Code §§ 810-978.8, requires a plaintiff to first
present to the public entity 'all claims for money or damages' against

the local public entity or public employee." <u>Via v. City of Fairfield</u>, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (quoting Cal. Gov't Code § 905). "A claim under the TCA must be submitted to the public entity within six months of the accrual of the plaintiff's cause of action." <u>Id.</u> (citing Cal. Gov't Code § 911.2(a)). "'[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity' or public employee." <u>Id.</u> (quoting <u>California v. Superior Court</u>, 32 Cal. 4th 1234, 1239 (2004)).

"If a claim is rejected, the public entity must provide written notice, and if such notice is provided in accordance with the statute, a plaintiff wishing to file a lawsuit must do so 'not later than six months after the date such notice is personally delivered or deposited in the mail.'" <u>L.S. v. City of Oakland</u>, No. C 09-03004 CW, 2009 WL 4705424, *2 (N.D. Cal. Dec. 2, 2009) (quoting Cal. Gov't Code § 945.6(a)(1)).

California Government Code § 945.3 expressly "toll[s]" the statute of limitations for filing a civil lawsuit against a public entity or public employee "during the period that [charges relating to the claim] are pending [against the plaintiff] before a superior court." <u>See</u> <u>Harding v. Galceran</u>, 889 F.2d 906, 907-08 (9th Cir. 1989) ("[Section 945.3] prevents civil actions against peace officers from being filed while criminal charges are pending against the potential plaintiff[, and] . . . tolls the statute of limitations on the civil actions until the criminal charges are resolved."). However, section 945.3 "does not toll the time to file a [tort] claim under the [TCA]." Ann Taylor Schwing, <u>Cal. Affirmative Def.</u> § 25:54 (2013 ed.) (citing Cal. Gov't Code § 945.3).

"A party may amend his or her [tort] claim during these time periods if the [tort] claim as amended relates to the same transaction or occurrence which gave rise to the original claim, but the amendment 'shall be considered a part of the original claim for all purposes.'" <u>Sofranek v. Merced Cnty.</u>, 146 Cal. App. 4th 1238, 1246 (2007) (quoting Cal. Gov't Code § 910.6(a)). "[W]here a second claim relates to the same underlying facts and 'amounts to no more than an attempt to amend the original claim,' the amendment relates back to the date the original claim was filed and therefore the six-month statute of limitations begins to run from the date the first claim was rejected." <u>Id.</u> at 1247 (quoting <u>Julian v. City of San Diego</u>, 183 Cal. App. 3d 169, 176 (1986)).

Here, the City of South Lake Tahoe rejected Plaintiff's original Tort Claim on August 4, 2011. However, the statute of limitations within which Plaintiff was required to file suit on his state claims was tolled under section 945.3 pending resolution of his criminal charges, until December 15, 2011, when Plaintiff alleges he "was found not guilty . . . by a jury." (Compl. ¶ 34.) Accordingly, his six month statute of limitations period within which to file a lawsuit suit on his state claims expired June 15, 2012.

Further, Plaintiff's June 14, 2012 Tort Claim "related to the same occurrence as described in the [original] claim." <u>Sofranek</u>, 146 Cal. App. 4th at 1250. "Consequently[,] under section 910.6, subdivision (a), the second claim 'shall be considered part of the original claim for all purposes,' which includes the notice of rejection mailed to [Plaintiff] in [August 2011]." <u>Id.</u> Accordingly, "this action, filed on [January 22, 2013], was not timely filed."

For the stated reasons, Defendant's dismissal motion (ECF No. 11) is GRANTED. Therefore, Plaintiff's seventh, eighth, ninth, and tenth

1 | claims against Defendants City of South Lake Tahoe and Officer J.
2 | Herminghaus are dismissed with prejudice.

3 | Dated:  May 20, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge