UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WAYNE SOLOMON,<br><br>              Plaintiff,<br><br>     v.<br><br>OFFICER J. HERMINGHAUS,<br><br>              Defendant. | No.  2:13-cv-00115-GEB-CKD<br><br>**ORDER ON MOTIONS IN LIMINE**[*] |

Each party moves in limine for an order precluding the admission of certain evidence at trial.[1] Each motion is addressed below.

**A.   Plaintiff's Motion**

Plaintiff seeks to exclude "[e]vidence of [his] criminal history," arguing:

> it is not relevant to the only issue for trial[,] which is whether Defendant used excessive force in the course of arresting Plaintiff. At the time of the arrest, Defendant had no knowledge of Plaintiff's prior criminal history[,] . . . he knew [only] that Plaintiff had previously been an inmate in the local jail . . . .

(Pl.'s Mot. in Limine ("MIL") 1:27, 3:8-24, ECF No. 73.)

---

[*]   These motions are suitable for decision without oral argument.

[1]   In light of the parties' representations concerning the timing of Plaintiff's counsel's decision to continue as counsel through trial, the Court reaches each motion in limine even though they were filed after the deadline prescribed in the Final Pretrial Order.

1

1  Plaintiff further argues evidence of his criminal history should
2  be excluded under Federal Rules of Evidence ("Rules") 403 and
3  404(b).
4        Defendant rejoins that Plaintiff's prior criminal
5  convictions "are relevant to rebut Plaintiff's claim that he was
6  not resisting, but instead simply attempting to ask [Officer
7  Herminghaus] a question." (Def.'s Opp'n 2:23-3:2, ECF No. 76.)
8  Defendant argues:
9           a Plaintiff's criminal history is highly
             relevant and totally admissible in a case
10           such as this where an officer's perception of
             resistance just prior to the application of
11           force is in dispute and evidence of prior
             criminal convictions makes the officer's
12           perception more probable.
13 (Id. at 3:5-9 (citing Boyd v. S.F., 576 F.3d 938, 944-45 (9th
14 Cir. 2009)). Defendant further counters that Plaintiff's past
15 felony convictions are relevant to his lost earning capacity
16 claim, are admissible under Rule 609 "to attack Plaintiff's
17 character for truthfulness," and are admissible under Rule
18 404(b)(2) "to demonstrate [Plaintiff's bias,] intent[,] and
19 absence of mistake in this instance." (Id. at 3:23-28, 4:3-7,
20 4:24-5:9.)
21       This motion lacks the preciseness required for an in
22 limine ruling.
23    **B.   Defendant's Motions**
24         **Motion in Limine No. 1**
25       Defendant seeks to exclude "[e]vidence of Plaintiff's
26 acquittal or any other aspect of [his] underlying [state]
27 criminal trial[,]" in which he was charged with battery on a
28 correctional officer and resisting arrest. (Def.'s MIL No. 1

2

1:26-27, ECF No. 66; see also Pls.' Trial Brief 3:3-9, ECF No. 64 (describing Plaintiff's criminal charges).) Defendant argues: "the results of Plaintiff's underlying criminal case (i.e. acquittal) are simply not relevant to the sole [excessive force claim] remaining for trial[,] and any reference to such a disposition would be unduly prejudicial and misleading to the jury." (Id. at 3:16-19.) Defendant contends:

> It has long been held that "evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt."

(Id. at 3:22-26 (quoting Borunda v. Richmond, 885 F.2d 1384, 1387 (9th Cir. 1988)).)

Plaintiff counters that his acquittal is "directly relevant to the issue of excessive use of force . . . because whether Plaintiff was found to have resisted arrest is a relevant factor to the reasonableness inquiry regarding the use of force." (Pl.'s Opp'n 2:15-17, 3:8-10, ECF No. 77.) Plaintiff also rejoins the acquittal is relevant to the issue of damages "because Plaintiff incurred attorney fees and cost[s] to defend the charge of resisting arrest[, and i]f the force used against him is found to be excessive, he should be allowed to recover his damages of attorney's fees expended to defend the criminal trial that resulted in acquittal." (Id. at 2:18-22.) Plaintiff asserts:

> If the jury determines that the amount of force used by Defendant was objectively unreasonable under the totality of the circumstances, then it would invalidate the arrest. It would have prevented the prosecution of the Plaintiff, because a conviction for resisting arrest under §

3

> 148(a) (1) may be lawfully obtained only if the officers do not use excessive force in the course of making that arrest. Smith[ v. City of Hemet, 394 F.3d [689,] 696 (9th Cir. 2005). Plaintiff should therefore have the opportunity to prove any damages related to defending that prosecution.

(Id. at 4:4-11.)

Plaintiff further counters that "to leave the issue uncertain of whether Plaintiff was convicted of resisting arrest would cause [Plaintiff] undue prejudice." (Id. at 2:17-18.) Plaintiff argues:

> Defendant has indicated . . . he will be requesting a special jury instruction to inform the jury that Defendant had probable cause for the arrest to seek to avoid prejudice to Defendant due to uncertainty of the outcome of the criminal matter. Likewise, to leave the issue uncertain of whether Plaintiff was convicted of resisting arrest or acquitted would cause undue prejudice to the Plaintiff. The jury can be informed that Defendant had probable cause for arrest, but that issue is separate and apart from, and has no bearing on the fact that Plaintiff was acquitted of resisting arrest. The jury should be informed of both.

(Id. at 3:12-18.)

Defendant replies that Plaintiff's argument concerning the acquittal's relevance to damages fails since the "Court has already ruled that the arrest of Plaintiff was supported by probable cause." (Def.'s Reply 1:27-2:8, ECF No. 79.) Defendant argues:

> Plaintiff attempts to mitigate the ruling of Borunda v. Richmond . . . by suggesting that the district court allowed the underlying acquittal for the limited purpose of showing damages in the form of attorney's fees. While this may be true (with a limiting instruction), the big difference between Borunda and the instant case is that the plaintiff in Borunda retained a false

4

|   |   |
|---|---|
| 1 | arrest claim - as noted above, Plaintiff in the instant case does not. Thus, the Ninth Circuit's overriding holding of Borunda is that acquittals in underlying criminal cases are inadmissible in a subsequent civil case. |
| 2 | |
| 3 | |

(Id. at 3:3-10.) Defendant further replies that he has "no intention of introducing evidence that Plaintiff was charged with 'resisting arrest' in addition to the 'battery on a correctional officer' which led to his arrest." (Id. at 2:4-6.) Defendant contends the "Court has ruled that Officer Herminghaus had probable cause to arrest Plaintiff . . . and that's all the jury needs to know." (Id. at 2:15-16.)

Plaintiff has not shown that his acquittal is relevant to damages on his excessive force claim, and assuming arguendo its admission is relevant to the use of force issue, any "probative value is substantially outweighed by a danger of . . . unfair prejudice . . . [and/or] misleading the jury." Fed. R. Evid. 403. "Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'" Borunda, 885 F.2d at 1387 (quoting S. Gard, 2 Jones on Evidence, § 12:25, p. 391 (6th ed. 1972)); see also Mullins v. City of Philadelphia, 287 F. App'x 201, 203-04 (3rd Cir. 2008) ("The standards of proof in the criminal case and in this civil case are different.") (affirming denial of the plaintiff's motion to admit evidence of his acquittal in subsequent civil rights action).

In light of Defendant's Rule 403 arguments, this motion is granted.

1             **Motion in Limine No. 2**

2             Defendant moves to exclude "any and all post-incident
3    photos purporting to depict Plaintiff's positioning at [the]
4    scene," arguing the photographs lack foundation and are unduly
5    prejudicial. (Def.'s MIL No. 2 1:26-27, ECF No. 67.) Defendant
6    argues:

7            At his deposition, Plaintiff first presented
             photographs which he purported to represent
8            himself at the scene of this incident
             allegedly taken by his criminal defense
9            attorney over a year after the incident
             giving rise to this case. Of course, the
10           evidentiary problems with such photos
             minimally include:
11
                • Plaintiff cannot establish that the
12                scene was not altered from the time
                  of the actual incident and the time
13                that these photos were taken[,]

14              • The person purportedly taking the
                  photographs (i.e. Plaintiff's
15                criminal defense attorney) is
                  apparently unavailable (and not
16                listed as a witness) to
                  authenticate such photos[,]
17
                • In the photos, Plaintiff is
18                conveniently wearing a shirt and
                  tie which is not the casual
19                clothing he was wearing at the time
                  of the incident[, and]
20
                • The photographs improperly suggest
21                that Plaintiff's injury is somehow
                  physically aligned with a bracket
22                on a store shelf without any expert
                  testimony to establish such a
23                theory.

24   (Id. at 3:12-25.)

25            Plaintiff counters that "the photos can be
26   [authenticated] and lack any prejudice to the Defendant." (Pl.'s
27   Opp'n 2:9-10, ECF No. 78.) Plaintiff contends:

28
                                   6

>           Plaintiff will be available for
> testimony at trial to authenticate that he is
> the one in the photos. He can substantiate
> when and where the photos were taken, and who
> they were taken by. Plaintiff can
> authenticate that the photo is what he claims
> it to be, a bracket on a shelf at the time
> the photo was taken. Additionally, Defendant
> has the store manager on his witness list.
> The manager can testify as to whether
> brackets like the one in the photo were used
> on the shelves and whether there have been
> ones like it on the isle where Plaintiff was
> arrested. The photo is circumstantial
> evidence of what caused the injury. The jury
> is free to assign weight to that evidence as
> the trier of fact.

(Id. at 2:18-27.) Plaintiff further rejoins that he "will provide the emergency room treating physician as a witness who can establish the nature of the injury and the type of object that may have caused the injury." (Id. at 3:9-10.)

A sufficient factual context has not been presented for an in limine ruling on this motion.

Dated:  January 13, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge