1

2

3

4                     UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7   PATRICK WAYNE SOLOMON,            No.  2:13-cv-00115-GEB-CKD

8                 Plaintiff,

9        v.                          **ORDER DENYING TRIAL CONTINUANCE;**
                                     **PROPOSED TRIAL DOCUMENTS**
10  OFFICER J. HERMINGHAUS,

11                Defendant.

12

13          On January 15, 2015, Plaintiff filed a motion seeking

14  to continue trial "due to the fact that Plaintiff's father passed

15  away." (Pl.'s Mot. to Continue Trial ("Mot.") 1:22-24, ECF No.

16  85.) Plaintiff argues:

17              [Plaintiff's] father passed away and his
                military memorial service with honors is set
18              in Florida for January 27, 2015, which is the
                third day set for trial in this matter.
19              Considering jury selection and pretrial
                motions, it is unlikely that the trial would
20              be complete by the third day. Even so, Mr.
                Solomon is leaving for Florida to be with
21              family and will not be available for even the
                first days of trial. Under these
22              circumstances the Court is within its
                discretion to grant a continuance due to the
23              death in Mr. Solomon's immediate family.
                Moreover, the Defendant will not be unduly
24              prejudiced by a later court date, whereas, if
                the continuance is not granted, Plaintiff
25              will prejudiced to the point of being unable
                to proceed or present his case at all. It
26              would be patently unfair to not grant this
                Motion and thereby force Plaintiff to choose
27              between being with family at this important
                time, or forfeit his case.
28

                                    1

1    (Id. at 3:6-19.)

2          Defendant opposes a continuance, rejoining that this

3    request is the simply another attempt by Plaintiff to avoid

4    trial. (Def.'s Opp'n 2:1-14.) Defendant contends:

5            Plaintiff's father passed away on December 8,
6            2014[,] but not a word was spoken of the
             death until January 12, 2015. On the
7            contrary, the history of Plaintiff's attempts
             to continue to trial are completely unrelated
8            to the latest excuse provided by the funeral
             of Plaintiff's father. For example:

9            On January 6, 2015, Plaintiff's Attorney
10           Joseph Laub called defense counsel seeking a
             continuance of trial because a relative of
11           counsel had scheduled an out of town wedding
             (there was no mention that Plaintiff's father
12           had passed away or of any impending funeral).

13           When defense counsel would not agree to
             continue the trial because of the wedding,
14           Attorney Laub asked to continue trial so that
             the parties could engage in arbitration.
15           Defense counsel declined the invitation and
             expressed readiness for trial.

16           On January 12, 2015, Attorney Laub left
17           a voicemail message for defense counsel
             seeking to continue trial because Plaintiff's
18           father "had just passed away".

19           After an exchange of voicemails, Defense
             counsel FAX'd a letter to Plaintiff's counsel
20           seeking verification that Plaintiff's father
             had in fact "just passed away" due to
21           skepticism resulting from Plaintiff's
             history.

22           While defense counsel was traveling to
             South Carolina for unrelated depositions on
23           January 15, 2015, Plaintiff's counsel
             provided a copy of the death certificate
24           verifying that Plaintiff's father had passed
             away on December 8, 2014, as opposed to "just
25           passed away". It was also verified that
             Plaintiff's father had been cremated and that
26           a memorial service was scheduled for January
             27, 2015 (i.e. six weeks after the death and
27           at a time when Plaintiff had known for over a
             year that trial in this matter has been set
28           for January 21, 2015).

                                2

1    (Id. at 2:26-3:25 (bullets and citations omitted).) Defendant

2    further argues that he "is ready for trial which has been

3    scheduled for over a year[,]" and

4              It would be unduly prejudicial to now
               continue trial because:
5

6              Defense counsel has made irrevocable
               travel arrangements to attend trial as
               scheduled by the Court and will incur
7              substantial cancellation fees if required to
               reschedule such arrangements.
8

9              Defendant has served subpoenas to
               witnesses who have adjusted work and personal
               schedules to accommodate the current trial
10             date.

11             Defendant has adjusted his own work (and
               personal) schedule as a police officer and
12             arranged for coverage of his duties to
               accommodate trial.
13

14             Defense counsel has cleared his calendar
               to conduct this trial as scheduled and, with
               more than a dozen other federal trials
15             currently scheduled throughout 2015, it would
               be difficult to clear another date to
16             reschedule this trial.

17   (Id. at 4:2-16 (bullets omitted).)

18             Plaintiff's continuance request is untimely; the trial

19   commencement date has been scheduled since April 18, 2013, and

20   Plaintiff's father passed away on December 8, 2014, more than a

21   month before the trial commencement date. Further, a sufficient

22   explanation has not been provided concerning why the memorial

23   service should not have been scheduled on a different date, in

24   light of the known trial date. Also, it appears likely that trial

25   will be completed next week, since only one excessive force claim

26   is being tried.

27             For the stated reasons, Plaintiff's continuance request

28   is denied. Attached are the Court's proposed voir dire questions

1   and preliminary jury instructions. Any proposed modifications

2   should be submitted as soon as practicable.

3          As noted in the proposed voir dire, it is anticipated

4   that it will take 2-3 court days for the parties to present

5   evidence and closing arguments. Trial will be conducted on

6   Wednesday and Thursday of next week from 9:00 a.m. to about 4:30

7   p.m., and Friday from 10:00 a.m. to about 4:30 p.m. Once jury

8   deliberations commence, the jury is expected to deliberate every

9   day except weekends from 9:00 a.m. to about 4:30 p.m.

10  Dated:  January 16, 2015

11

12  _____

13  GARLAND E. BURRELL, JR.
    Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK WAYNE SOLOMON,

        Plaintiff,

    v.

OFFICER J. HERMINGHAUS,

        Defendant.

No. 2:13-cv-00115-GEB-CKD

**VOIR DIRE**

      Good morning and welcome to the United States District Court. Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. You are performing an important function in our legal system.

      The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau.  Next to her is the Certified Court Reporter.

      We are about to begin what is known as voir dire. The purpose of voir dire is to determine whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what are called peremptory challenges, which excuse a potential juror from sitting as a juror on this case. A potential juror can also be excused for other reasons.

1.   Ms. Furstenau, please administer the oath to the panel.

2.   Counsel, the Jury Administrator randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which they were randomly selected. Each juror has been placed in his or her randomly-selected seat. The Courtroom Deputy has given each juror a large laminated card on which the number is placed, which reflects the order in which the juror was randomly selected.

3.   I will ask a series of questions to the jurors as a group. If you have a response, please raise the number you've been given. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat responding first. If no number is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name or your seat number, by stating your last name or just your seat number, then your response. That should expedite the process.

4.   If you conclude any question unduly pries into your private affairs and you, therefore, wish to discuss it privately, let me know. While I'm authorized under law to

2

protect your legitimate privacy interest, I may ask some questions about the matter you indicate you want to discuss privately to determine whether it, or any aspect of the matter, should be discussed in open court. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

5.   I anticipate it will take 2-3 court days for the parties to present evidence and closing arguments to you, after which you will retire to deliberate on the case. Trial will be conducted on Wednesday and Thursday of this week from 9:00 a.m. to about 4:30 p.m., and Friday from 10:00 a.m. to about 4:30 p.m. Once you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations. Does this schedule present a special problem to any member of the jury panel?

6.   This is a civil case in which the parties dispute whether the plaintiff was subjected to excessive force in violation of the Fourth Amendment during his arrest.

On January 21, 2011, an off-duty El Dorado County Correctional Officer called the South Lake Tahoe Police Department to report that the plaintiff committed a battery against him at the entrance to the Raley's supermarket in South Lake Tahoe. The defendant, a South Lake Tahoe Police Officer,

3

was sent to respond to the call.

When the defendant contacted the plaintiff inside the market, plaintiff alleges defendant used excessive force while taking him into custody for the alleged battery. Defendant alleges plaintiff physically resisted arrest and that only reasonable force was used to take him into custody.

7.   Raise your number if you have any knowledge of the facts or events in this case or if there is anything about the allegations which causes you to feel that you might not be a fair juror in this case.

8.   Raise your number if there is any reason why you will not be able to give your full attention to this case.

9.   Raise your number if you will not be able to decide this case based solely on the evidence presented at the trial or if you are opposed to judging a witness's credibility.

10.   Raise your number if you will not apply the law I will give you if you believe a different law should apply.

11.   Plaintiff's counsel may introduce herself and her client, and indicate any witness her client may choose to call.

Defendant's counsel may now do the same thing.

Raise your number if you know or have had any interaction with any person just introduced or named.

12.   Raise your number if you have ever served as a juror in the past.

4

State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

13. Raise your number if you, any member of your family, or any close friend has ever been employed by a law enforcement agency?

Is there anything about the experience which might cause you to favor or disfavor either party in this case or make it difficult for you to be a juror in this case?

14. Raise your number if you would tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

15. On the other hand, raise your number if you would tend not to believe testimony of a witness just because that witness is a law enforcement officer?

16. Raise your number if you have had any experience or are aware of anything that could have a bearing on your ability to be a fair and impartial juror in this case.

17. Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Raise your number if you have information that you think should be shared before each side is given an opportunity to exercise what are called peremptory challenges.

18. The Courtroom Deputy Clerk will give juror number

5

one a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions. The sheet asks you to state:

Your name and your educational background and the educational background of any person residing with you; and

Your present and former occupations and the present and former occupations of any person residing with you.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK WAYNE SOLOMON,

        Plaintiff,

    v.

OFFICER J. HERMINGHAUS,

        Defendant.

No. 2:13-cv-00115-GEB-CKD

**PRELIMINARY JURY INSTRUCTIONS**

PRELIMINARY INSTRUCTION NO. 1


Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions, or from anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

PRELIMINARY INSTRUCTION NO. 2


I am now going to give you jury admonitions that you must remember. When we take recesses, I may reference these admonitions by telling you to remember the admonitions or something similar to that. You are required to follow these admonitions whether or not I remind you to remember them:

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, Facebook, text messaging, or any Internet chat room, blog, Web site, App, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone

2

else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.

Third, if you need to communicate with me, simply give a signed note to my courtroom clerk, or to the court reporter if my courtroom clerk is not present, who will give it to me.

PRELIMINARY INSTRUCTION NO. 3

There are rules of evidence that control what can be
received into evidence. When a lawyer asks a question or offers
an exhibit into evidence, and a lawyer on the other side thinks
that it is not permitted by the rules of evidence, that lawyer
may object. If I overrule the objection, the question may be
answered or the exhibit received. If I sustain the objection,
the question cannot be answered, and the exhibit cannot be
received. Whenever I sustain an objection to a question, you
must ignore the question and must not guess what the answer
might have been.

Sometimes I may order that evidence be stricken from
the record and that you disregard or ignore the evidence. That
means that when you are deciding the case, you must not consider
the evidence that I told you to disregard.

4

PRELIMINARY INSTRUCTION NO. 4


In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls;

Second, questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it;

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it;

Fourth, anything you may have seen or heard when the court was not in session is not evidence. You are to decide the

5

case solely on the evidence received at the trial.

PRELIMINARY INSTRUCTION NO. 5


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

PRELIMINARY INSTRUCTION NO. 6

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time during the trial you cannot hear what is said or see what is shown, let me know so that I can correct the problem.

PRELIMINARY INSTRUCTION NO. 7

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left on the seat on which you are seated.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

9

PRELIMINARY INSTRUCTION NO. 8


From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

PRELIMINARY INSTRUCTION NO. 9


The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.