1

2

3

4                    UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7   PATRICK WAYNE SOLOMON,              No. 2:13-cv-00115-GEB-CKD

8              Plaintiff,

9       v.                             **PROPOSED TRIAL DOCUMENTS**

10  OFFICER J. HERMINGHAUS,

11             Defendant.

12

13          Attached   are   the   Court's   proposed   closing   jury

14  instructions, conditional closing jury instructions, and verdict

15  form. Any proposed modifications should be submitted as soon as

16  practicable.

17      **A.    Proposed Closing Jury Instructions**

18          In  the  attached  instructions,  the  Court  has  attempted

19  to eliminate unnecessary language and to more closely follow the

20  federal case law upon which certain instructions are based. The

21  goal is to "help the jurors to concentrate on the question[s] at

22  hand." <u>Achor v. Riverside Golf Club</u>, 117 F.3d 339, 341 (7th Cir.

23  1997).

24          For example, the attached instructions do not include

25  the parties' proposed jury instructions that instruct on 42

26  U.S.C. § 1983 claims generally since a court should avoid

27  instructing jurors in "formal terminology . . . suited more to

28  lawyers than to lay deciders," especially in the situation here,

1

1   where it is undisputed that Defendant acted under color of law.

2   Achor, 117 F.3d at 341.

3       Since the Court's proposed voir dire contains a neutral

4   statement of the case, the parties' proposed jury instruction

5   that sets forth "a brief summary of the positions of the parties"

6   is unnecessary and will not be used.

7       The parties' proposed "two or more parties" jury

8   instruction will not be given since there is only one plaintiff

9   and one remaining defendant in this case.

10      Defendant's first proposed separate instruction states:

11       In this case, there is no claim for
12   false arrest and you must assume that
     Officer Herminghaus had the lawful right to
     detain and arrest Plaintiff, Patrick Solomon.
13   The only claim before you is whether Officer
     Herminghaus used reasonable force in
14   accordance with the instructions I will give
     you in making this lawful arrest.

15

16   (Def.'s Separate Jury Instructions, Instruction No. 1, ECF No.

17   70-1, page 1 of 3.) Defendant has not shown that this instruction

18   is relevant to the issues to be decided by the jury; therefore,

19   it will not be given. See Gulliford v. Pierce Cnty., 136 F.3d

20   1345, 1348 ("Jury instructions must be formulated so that they

21   fairly and adequately cover the issues presented, correctly state

22   the law, and are not misleading." (internal quotation marks and

23   citation omitted)); see also Rosenburg v. Lincoln Am. Life Ins.

24   Co., 883 F.2d 1328, 1337 (7th Cir. 1989) (affirming the district

25   court's rejection of an "irrelevant" jury instruction); accord

26   Nationwide Transp. Fin. v. Cass Info. Sys., Inc., 523 F.3d 1051,

27   1063 (9th Cir. 2008).

28

1    Defendant's third proposed separate jury instruction
2  will not be given since its inclusion is not supported by the
3  authority Defendant cites in support thereof.

4      **B.    Proposed Verdict Forms**

5    The attached general verdict form will be used rather
6  than Defendant's proposed special verdict form. See Floyd v.
7  Laws, 929 F.2d 1390, 1395 (9th Cir. 1991) (stating "[a]s a
8  general rule, the court has complete discretion over whether to
9  have the jury return a special verdict or a general verdict").

10     **C.    Conditional Closing Jury Instructions**

11   The parties' proposed jury instructions, the
12  appropriateness of which depend upon the presentation of evidence
13  at trial, are attached hereto as "conditional instructions." They
14  will be given to the jury only if applicable.

15  Dated:  January 20, 2015

16

17

18                    _____
                     GARLAND E. BURRELL, JR.
19                    Senior United States District Judge

20

21

22

23

24

25

26

27

28

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK WAYNE SOLOMON,                    No. 2:13-cv-00115-GEB-CKD

        Plaintiff,

    v.                                    **CLOSING JURY INSTRUCTIONS**

OFFICER J. HERMINGHAUS,

        Defendant.

JURY INSTRUCTION NO.


Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.

JURY INSTRUCTION NO.


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits which are received into evidence; and

any facts to which the lawyers have agreed.

JURY INSTRUCTION NO.


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

3

JURY INSTRUCTION NO.


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO.


Plaintiff has burden of proving his claim by a preponderance of the evidence. This means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTION NO.


Plaintiff alleges Defendant used excessive force against him on January 21, 2011, in violation of the Fourth Amendment. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

First, that Defendant used excessive force during Plaintiff's arrest under all of the circumstances; and

Second, that Defendant's use of excessive force caused him harm.


In determining whether Defendant used excessive force in this case, consider all of the circumstances known to Defendant on the scene, including:

The severity of the crime or other circumstances to which Defendant was responding;

Whether Plaintiff posed an immediate threat to the safety of Defendant or to others;

Whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

The amount of time and any changing circumstances during which Defendant had to determine the type and amount of force that appeared to be necessary; and

The type and amount of force used.

6

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

A police officer is not required to use the least intrusive degree of force possible. Rather, the question is whether the force that was used was reasonable, viewing the facts from the perspective of a reasonable officer on the scene.

JURY INSTRUCTION NO.


It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find in favor of Plaintiff on his excessive force claim, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant. You should consider the following:

The nature and extent of the injuries;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment and services received to the present time;

The reasonable value of necessary medical care, treatment and services which with reasonable probability will be required in the future;

The reasonable value of earnings lost to the present time;

The reasonable value of earnings which, with

8

reasonable probability, will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

JURY INSTRUCTION NO.


When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

10

JURY INSTRUCTION NO.


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

JURY INSTRUCTION NO.


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK WAYNE SOLOMON,

        Plaintiff,

   v.

OFFICER J. HERMINGHAUS,

        Defendant.

No. 2:13-cv-00115-GEB-CKD

**VERDICT FORM**

    WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON THE SUBMITTED QUESTIONS:

       **Question No. 1**:  Does Plaintiff prevail on his Fourth Amendment excessive force claim?

       Answer:  _____ YES  _____ NO

*(If you answered "yes," continue to Question No. 2. If you answered "no," then proceed to the last page and sign, date and return this verdict form.)*

///

///

///

///

///

1

1          **Question No. 2**:    What is the amount of damages you

2   award to Plaintiff?

3                $_____

4   (*Please date, sign, and return this verdict.*)

5

6   Dated this _____ day of January 2015.

7

8                              _____

9                                        PRESIDING JUROR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK WAYNE SOLOMON,

          Plaintiff,

     v.

OFFICER J. HERMINGHAUS,

          Defendant.

No. 2:13-cv-00115-GEB-CKD

**CONDITIONAL JURY INSTRUCTIONS**

JURY INSTRUCTION NO.


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO.


A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [witness] was taken on [date]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

JURY INSTRUCTION NO.


At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.


[Insert text of new instruction.]


You will now retire to the jury room and continue your deliberations.

3