UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WAYNE SOLOMON,<br><br>        Plaintiff,<br><br>  v.<br><br>OFFICER J. HERMINGHAUS,<br><br>        Defendant. | No. 2:13-cv-00115-GEB-CKD<br><br>**PROPOSED REVISED CLOSING INSTRUCTION NO. 6** |

        Attached is the Court's revised closing jury instruction No. 6, which concerns the law governing Plaintiff's excessive force claim.

        The following language has been stricken from the list of factors the jury is to consider in determining whether Defendant used excessive force since Plaintiff has not shown its need in light of the trial record and the remainder of the instruction: "The availability of alternative methods." See, e.g., Brewer v. City of Napa, 210 F.3d 1093, 1097 (9th Cir. 2000) (affirming the district court's decision not to instruct the jury "to consider 'alternative courses of action' available to officers in evaluating whether [the plaintiff] was the victim of excessive force").

///

Also, the last paragraph of the same instruction has been stricken since the remainder of the instruction "fairly and adequately covers the issues presented." Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009).

Dated: January 21, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

JURY INSTRUCTION NO. 6

Plaintiff alleges Defendant used excessive force against him on January 21, 2011, in violation of the Fourth Amendment. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

First, that Defendant used excessive force during Plaintiff's arrest under all of the circumstances; and

Second, that Defendant's use of excessive force caused him harm.

In determining whether Defendant used excessive force in this case, consider all of the circumstances known to Defendant on the scene, including:

The severity of the crime or other circumstances to which Defendant was responding;

Whether Plaintiff posed an immediate threat to the safety of Defendant or to others;

Whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

The amount of time and any changing circumstances during which Defendant had to determine the type and amount of force that appeared to be necessary; and

The type and amount of force used.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.